Local AO 442 (Rev. 10/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

*1:18-mj-120-PAS*

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Keveen Odair Nobre a/k/a Young Money | ) Case No.   3:18-cr-54-06 |
| | ) |
| | ) |
| *Defendant* | ) |

## ARREST WARRANT

To:     Any authorized law enforcement officer

       **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*                     Keveen Odair Nobre a/k/a Young Money                     ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment      ☐ Superseding Indictment      ☐ Information      ☐ Superseding Information      ☐ Complaint

☐ Probation Violation Petition      ☐ Supervised Release Violation Petition      ☐ Violation Notice      ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances and
Controlled Substances Analogues Resulting in Serious Bodily Injury and Death; and

Conspiracy to Import Controlled Substances and Controlled Substances Analogues into the
United States Resulting in Serious Bodily Injury and Death

Date:   03/22/2018

City and state:   Fargo, ND

*/s/ Jackie Stewart*
*Issuing officer's signature*

Jackie Stewart, Deputy Clerk
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____                     _____ <br> *Arresting officer's signature* |
| _____ <br> *Printed name and title* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **I N D I C T M E N T** |
| v. | Case No. _____ |
| STEVEN BARROS PINTO,<br>a/k/a YEABOY;<br>LOUIS FELIX BELL;<br>AMANDA RENEE SCHNEIDER;<br>DANNY SILVA GAMBOA;<br>ROBINSON ANDRES GOMEZ,<br>a/k/a ROB; and<br>KEVEEN ODAIR NOBRE,<br>a/k/a YOUNG MONEY | Violations:  21 U.S.C. §§ 846, 848(a),<br>848(c), 853, 963, and 970 |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances
and Controlled Substance Analogues Resulting in Serious Bodily Injury and Death**

The Grand Jury Charges:

From in or about January 2013 to the date of this Indictment, in the Districts of

North Dakota, Oregon, Florida, Georgia, North Carolina, New Jersey, California, South

Carolina, Ohio, Colorado, Maryland, Rhode Island, and elsewhere,

STEVEN BARROS PINTO, a/k/a YEABOY;
LOUIS FELIX BELL;
AMANDA RENEE SCHNEIDER;
DANNY SILVA GAMBOA;
ROBINSON ANDRES GOMEZ, a/k/a ROB; and
KEVEEN ODAIR NOBRE, a/k/a YOUNG MONEY,

did knowingly and intentionally combine, conspire, confederate, and agree together with

the following defendants that were indicted in the District of North Dakota, Eastern

Division:  Brandon Corde Hubbard, et al., Case No. 2:15-cr-12; Daniel Vivas Ceron,

Case No. 3:15-cr-55; Ronnie Lee Helms, Case No. 3:15-cr-96; Jian Zhang, et al., Case

No. 3:17-cr-206, and others, both known and unknown to the grand jury, to possess with

intent to distribute and distribute a mixture and substance of the following controlled

substances and controlled substance analogues which were intended for human

consumption as provided in 21 U.S.C. § 813:

A. Fentanyl, a Schedule II controlled substance;

B. ANPP (4-anilino-*N*-phenethyl-4-piperidine), a Schedule II controlled
   substance;

C. Ethylone (3,4 –Methylenedioxyethylcathinone), a Schedule I controlled
   substance;

D. Acetyl fentanyl, a/k/a (*N*-(1-phenethylpiperidin-4-yl)-*N*-pheylacetamide), a
   controlled substance analogue of fentanyl. Acetyl fentanyl was designated a
   Schedule I controlled substance on July 17, 2015;

E. Beta-hydroxy-thiofentanyl, a/k/a (β)-hydroxythiofentanyl, *N*-[1-[2-hydroxy-2-
   (2-thienyl)ethyl]-4-piperidinyl]-*N*-phenyl-propanamide, a controlled substance
   analogue of thiofentanyl, a Schedule I controlled substance. Beta hydroxy-
   thiofentanyl was designated a Schedule I controlled substance on May 12,
   2016;

F. U-47700, a/k/a 3,4-Dichloro-N-[2-(dimethylamino)cyclohexyl]-N-
   methylbenzamide, a controlled substance analogue of AH-7921 a/k/a 3,4-
   dichloro –N-[(1-(dimethylamino)cyclohexyl]methyl]benzamide, a Schedule I

2

controlled substance. U-47700 was designated a Schedule I controlled

substance on November 14, 2016; and

G.   Furanyl fentanyl, a/k/a N-(1-Phenthylpiperidin-4-yl)-N-phenylfuran-2-

carboamide, a controlled substance analogue of fentanyl, a Schedule II

controlled substance. Furanyl fentanyl was designated a Schedule I controlled

substance on November 29, 2016;

all in violation of Title 21, United States Code, Sections 802(32), 812, 813, 841(a)(1),

and 841(b)(1)(C); and Title 18, United States Code, Section 2.

## Drug Quantity Finding

The grand jury specifically finds that this conspiracy moved more than 400 grams

of a mixture and substance containing fentanyl[1], a Schedule II controlled substance, and

more than 100 grams of a mixture and substance of an analogue of fentanyl as provided

in 21 U.S.C. § 841(b)(1)(A)(vi).

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one

or more of the conspirators committed the following overt acts:

1.   Co-conspirators did possess with intent to distribute and distribute a

mixture and substance containing a detectable amount of fentanyl, a Schedule II

controlled substance; ANPP (4-anilino-N-phenethyl-4-piperidine), a Schedule II

controlled substance; and ethylone, a Schedule I controlled substance, within the states of

---

[1] 21 U.S.C. § 841(b)(1)(A)(vi): The chemical structure of fentanyl is N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide.

North Dakota, Oregon, North Carolina, Florida, Colorado, Maryland, Rhode Island, and elsewhere;

2.     Co-conspirators did possess with intent to distribute and distribute a mixture and substance containing detectable amounts of acetyl fentanyl and furanyl fentanyl, which are controlled substance analogues of fentanyl, a Schedule II controlled substance; beta-hydroxy-thiofentanyl, a controlled substance analogue of thiofentanyl, a Schedule I controlled substance; and U-47700, an analogue of AH-7921, within the states of North Dakota, Oregon, New Jersey, Georgia, North Carolina, Florida, Colorado, Maryland, Rhode Island, and elsewhere;

3.     Co-conspirators would and did attempt to conceal their activities by various means and methods including, but not limited to, using various telecommunication facilities designed to mask the identity of co-conspirators. To ensure anonymity and facilitate this conspiracy, co-conspirators used various alias names, WICKR application names, and email addresses, including, but not limited to:

     a.  Phantom Pharma;

     b.  Joe Bleau;

     c.  Yaakov Goldmountain;

     d.  Mountain;

     e.  Goldmountain;

     f.  Solid Goldmountain;

     g.  Apexpharma;

     h.  TheGoldenDawn;

    i.   TheLink;

    j.   SilentWisdom;

    k.   Darkwebtycoon;

    l.   Pandora;

    m.  Pandora91;

    n.   Toxic Storm;

    o.   Oddcouple;

    p.   RSix;

    q.   Expiresmarch31@gmail.com;

    r.   Lucratifanarchy777@gmail.com;

    s.   Thelink.pharma@gmail.com;

    t.   Undergroundportal777@gmail.com;

    u.   Livingmountain777@gmail.com;

    v.   Canada.pharma.labs@gmail.com;

    w.  Opiationcreation@gmail.com;

    x.   Sod.catalase@gmail.com;

    y.   sltls@hotmail.com;

    z.   info@zaronasia.com;

    aa. Dedaola1@126.com;

    bb. Goodpartner78@gmail.com;

    cc. Whereisit2013@gmail.com;

    dd. Agssg84@gmail.com;

      ee. dashghahary@icloud.com;

      ff. rainbowsix@icloud.com;

      gg. Acoustickitty1960@gmail.com; and

      hh. Steez25@gmail.com;

4.     Co-conspirators would and did use United States and Canadian currency in their drug transactions, as well as virtual currency systems;

5.     Co-conspirators used computers to order and sell substances online using internet sites that are specifically designed to be hidden from the public;

6.     Co-conspirators arranged to obtain controlled substances and controlled substance analogues from outside the United States including, but not limited to, Canada and China.  These substances were then distributed across the United States;

7.     The distribution of acetyl fentanyl, (*N*-(1-phenethylpiperidin-4-yl)-*N*-pheylacetamide), a controlled substance analogue of fentanyl, resulted in the death of J.W. in Garland, North Carolina, on or about January 19, 2014;

8.     The distribution of acetyl fentanyl, (*N*-(1-phenethylpiperidin-4-yl)-*N*-pheylacetamide), a controlled substance analogue of fentanyl, resulted in the death of D.L. in Ramsey, New Jersey, on or about February 23, 2014;

9.     The distribution of fentanyl, a Schedule II controlled substance, resulted in serious bodily injury to J.B. and C.H.J. in Fayetteville, North Carolina, on or about February 24, 2014;

10.     In or about August through September 2014, Daniel Vivas Ceron, along with other co-conspirators, arranged a shipment of fentanyl, acetyl fentanyl, and ANPP from Canada to Florida;

11.     In or about September 2014 through October 2014, Daniel Vivas Ceron, along with other co-conspirators, arranged a shipment of acetyl fentanyl from Canada to Florida;

12.     In or about November 2014, Daniel Vivas Ceron, along with other co-conspirators, arranged a shipment of fentanyl to a co-conspirator in Portland, Oregon;

13.     The distribution of a mixture and substance containing fentanyl, a Schedule II controlled substance, resulted in the death of B.E.H. in Grand Forks, North Dakota, on or about January 3, 2015;

14.     The distribution of a mixture and substance containing fentanyl, a Schedule II controlled substance, resulted in serious bodily injury to L.E.H. in Portland, Oregon, on or about March 7, 2015;

15.     The distribution of a mixture and substance containing fentanyl, a Schedule II controlled substance, resulted in serious bodily injury to S.D.D. in Portland, Oregon, on or about March 8, 2015;

16.     The distribution of a mixture and substance containing fentanyl, a Schedule II controlled substance, resulted in serious bodily injury to K.R.E. in Portland, Oregon, on or about March 9, 2015;

17.     The distribution of a mixture and substance containing fentanyl, a Schedule II controlled substance, resulted in the death of L.E.B. in Portland, Oregon, on or about March 21, 2015;

18.     In or about February 2015 through March 2015, Daniel Vivas Ceron, along with other co-conspirators, arranged a shipment of a mixture and substance containing beta-hydroxy-thiofentanyl from Canada to Portland, Oregon;

19.     In or about April 2015, Daniel Vivas Ceron, along with other co-conspirators, arranged a shipment of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, from China to Portland, Oregon;

20.     In or about May 2015, Daniel Vivas Ceron, along with other co-conspirators, arranged a shipment of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, from Canada to Fargo, North Dakota;

21.     In or about October 2015 through in or about December 2015, Jian Zhang, a/k/a Hong Kong Zaron, and other co-conspirators, arranged a shipment of a mixture and substance containing a detectable amount of acetyl fentanyl, from a co-conspirator in California to Florida;

22.     In or about December 2015 through in or about January 2016, Jian Zhang, a/k/a Hong Kong Zaron, and other co-conspirators, arranged a shipment of approximately 147 grams of a mixture and substance containing furanyl fentanyl, from China to Florida, and a shipment of a mixture and substance containing acetyl fentanyl by a co-conspirator from California to Florida;

23.     In or about March 2016 through in or about April 2016, Jian Zhang, a/k/a Hong Kong Zaron, and other co-conspirators, arranged a shipment of approximately 298 grams of a mixture and substance containing furanyl fentanyl and approximately 299 grams of a mixture and substance containing U-47700 to Grand Forks, North Dakota;

24.     In or about April 2016 through in or about May 2016, Jian Zhang, a/k/a Hong Kong Zaron, and other co-conspirators, arranged a shipment of approximately 247 grams of a mixture and substance containing furanyl fentanyl to Florida;

25.     Jason Joey Berry, a/k/a Daniel Desnoyers, and Daniel Vivas Ceron, a/k/a Daniel Vivas-Ceron, were the organizers and leaders in this criminal conspiracy in Canada and did so while incarcerated in the Drummond Institution, a medium security prison facility located in Quebec, Canada; and

26.     Jian Zhang, a/k/a Hong Kong Zaron, was an organizer and leader of this criminal conspiracy in China and did so by establishing and using the business name of "Zaron Bio-tech," based in China;

All in violation of Title 21, United States Code, Section 846; Pinkerton v. United States, 328 U.S. 640 (1946).

## COUNT TWO

### Conspiracy to Import Controlled Substances and Controlled Substance Analogues into the United States Resulting in Serious Bodily Injury and Death

The Grand Jury Further Charges:

From in or about January 2013 to the date of this Indictment, in the Districts of

North Dakota, Oregon, Florida, Georgia, North Carolina, New Jersey, California, South

Carolina, Ohio, Colorado, Maryland, Rhode Island, and elsewhere,

STEVEN BARROS PINTO, a/k/a YEABOY;
LOUIS FELIX BELL;
AMANDA RENEE SCHNEIDER;
DANNY SILVA GAMBOA;
ROBINSON ANDRES GOMEZ, a/k/a ROB; and
KEVEEN ODAIR NOBRE, a/k/a YOUNG MONEY,

did knowingly and intentionally combine, conspire, confederate, and agree together with

the following defendants who were indicted in the District of North Dakota, Eastern

Division:  Brandon Corde Hubbard, et al., Case No. 2:15-cr-12;  Daniel Vivas Ceron,

Case No. 3:15-cr-55; Ronnie Lee Helms, Case No. 3:15-cr-96, and others, both known

and unknown to the grand jury, to import into the United States from Canada and China,

a mixture and substance containing the following controlled substances and controlled

substance analogues which were intended for human consumption as provided in 21

U.S.C. § 813:

    A. Fentanyl, a Schedule II controlled substance;

    B. ANPP (4-anilino-$N$-phenethyl-4-piperidine), a Schedule II controlled

       substance;

C.  Ethylone (3,4 –Methylenedioxyethylcathinone), a Schedule I controlled

substance;

D.  Acetyl fentanyl, a/k/a (*N*-(1-phenethylpiperidin-4-yl)-*N*-pheylacetamide), a

controlled substance analogue of fentanyl. Acetyl fentanyl was designated a

Schedule I controlled substance on July 17, 2015;

E.  Beta-hydroxy-thiofentanyl, a/k/a (β)-hydroxythiofentanyl, *N*-[1-[2-hydroxy-2-

(2-thienyl)ethyl]-4-piperidinyl]-*N*-phenyl-propanamide, a controlled substance

analogue of thiofentanyl, a Schedule I controlled substance. Beta hydroxy-

thiofentanyl was designated a Schedule I controlled substance on May 12,

2016;

F.  U-47700, a/k/a 3,4-Dichloro-N-[2-(dimethylamino)cyclohexyl]-N-

methylbenzamide, a controlled substance analogue of AH-7921 a/k/a 3,4-

dichloro –N-[(1-(dimethylamino)cyclohexyl]methyl]]benzamide, a Schedule I

controlled substance. U-47700 was designated a Schedule I controlled

substance on November 14, 2016; and

G.  Furanyl fentanyl, a/k/a  N-(1-Phenthylpiperidin-4-yl)-N-phenylfuran-2-

carboamide, a controlled substance analogue of fentanyl, a Schedule II

controlled substance. Furanyl fentanyl was designated a Schedule I controlled

substance on November 29, 2016;

all in violation of Title 21, United States Code, Sections 802(32), 812, 813,

841(b)(1)(B)(vi), 841(b)(1)(C), 952(a), 960(a)(1), and 960(b)(3); and Title 18, United

States Code, Section 2.

<u>Drug Quantity Finding</u>

The grand jury specifically finds that this conspiracy moved more than 400 grams of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and more than 100 grams of an analogue of a mixture or substance containing a detectable amount of fentanyl, as provided in 21 U.S.C. § 960(b)(1)(F).

<u>Overt Acts</u>

1.     Jason Joey Berry, a/k/a Daniel Desnoyers, and Daniel Vivas Ceron were the organizers and leaders of this criminal conspiracy in Canada and did so while incarcerated in the Drummond Institution, a medium security prison facility located in Quebec, Canada;

2.     Jian Zhang, a/k/a Jong Kong Zaron, was an organizer and leader of this criminal conspiracy in China and did so by establishing and using the business name "Zaron Bio-tech," based in China. This criminal organization facilitated the unlawful importation of fentanyl, acetyl fentanyl, ANPP, beta-hydroxy-thiofentanyl, U-47700, ethylone, and furanyl fentanyl from China to the United States and Canada. These controlled substances and controlled substance analogues were then unlawfully distributed throughout the United States as part of the conspiracy alleged in Count One of this Indictment;

3.     Members of the conspiracy paid the international sources of supply for these substances on numerous occasions using the means and methods alleged in Count One of this Indictment; and

4.    The unlawful activities related to the unlawful importation of fentanyl and acetyl fentanyl resulted in deaths and serious bodily injury to multiple victims, as alleged in Count One of this Indictment, and are incorporated herein by reference;

In violation of Title 21, United States Code, Section 963; <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

13

## COUNT THREE

### Continuing Criminal Enterprise

The Grand Jury Further Charges:

From in or about January 2013 to the present, in the Districts of North Dakota,

Oregon, Florida, Georgia, North Carolina, New Jersey, California, South Carolina, Ohio,

Maryland, Rhode Island, and elsewhere,

STEVEN BARROS PINTO, a/k/a YEABOY,

did knowingly and intentionally engage in a Continuing Criminal Enterprise in that he

violated Title 21, United States Code, Sections 812, 813, 841(a)(1), and 846, including,

but not limited to, the violations alleged in Count One of this Indictment, which are

incorporated herein by reference. The above-described violations were, and are, part of a

continuing series of violations.

These continuing series of violations were undertaken by STEVEN BARROS

PINTO, a/k/a YEABOY, in concert with at least five other persons with respect to whom

STEVEN BARROS PINTO, a/k/a YEABOY, occupied a position of organizer,

supervisor, and manager.

From this continuing series of violations, STEVEN BARROS PINTO,

a/k/a YEABOY, obtained a substantial income.

The United States specifically alleges that STEVEN BARROS PINTO,

a/k/a YEABOY, was the principal administrator, organizer, and leader of the enterprise.

In violation of Title 21, United States Code, Sections 848(a) and 848(c).

14

## FORFEITURE ALLEGATION

The Grand Jury Further Finds Probable Cause That:

Upon the conviction of  STEVEN BARROS PINTO, a/k/a YEABOY, of the controlled substance offense alleged in Count One, in violation of Title 21, United States Code, Section 846,

STEVEN BARROS PINTO, a/k/a YEABOY,

shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting or derived from any proceeds STEVEN BARROS PINTO, a/k/a YEABOY, obtained directly or indirectly as a result of the violations and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Count One and Two of this Indictment. This includes, but is not limited to:

1. $25,187 in cash seized on March 1, 2018, and

2. A gold necklace with diamonds seized on March 1, 2018.

If any of the forfeitable property as a result of any act or omission of the defendant(s):

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty,

15

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property;

In violation of Title 21, United States Code, Sections 853 and 970.

A TRUE BILL:


/s/ Grand Jury Foreperson
Foreperson


/s/ Christopher C. Myers
CHRISTOPHER C. MYERS
United States Attorney

CCM:tla:ld

16